IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| TREMAINE RASHON WRAY, | ) | Civil Action No.: 9:17-03066-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN DENNIS BUSH, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Tremaine Rashon Wray ("Petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant, for pre-trial proceedings and a Report and Recommendation ("Report").

## BACKGROUND

On May 1, 2018, Respondent Warden Dennis Bush ("Respondent"), filed a motion for summary judgment, along with a return and memorandum. (ECF Nos. 23, 24). On May 2, 2018, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to Respondent's motion. (ECF No. 25). In that order, the Magistrate Judge advised Petitioner of the possible consequence of dismissal if he failed to respond adequately. Petitioner sought and received an extension of time (ECF Nos. 36, 37) and filed a response in opposition to the motion for summary judgment on August 10, 2018. (ECF No. 39). Respondent did not file a reply. On January 10, 2019, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and the petition for a writ of habeas

corpus be denied. (ECF No. 41).

The Magistrate Judge advised Petitioner of his right to file specific objections to the Report. (ECF No. 41). Petitioner sought and received an extension of time (ECF Nos. 43, 44) and filed his objections on February 27, 2019, (ECF No. 46). Petitioner submitted 72 pages of handwritten objections. *See id.* Respondent did not file a response. The case was subsequently reassigned to the undersigned. (ECF No. 47). The Report sets forth the relevant factual and procedural background from the trial and post-conviction relief ("PCR") proceedings, as well as the relevant legal standards, which the Court incorporates here without recitation.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report, which contains a comprehensive recitation of law and the relevant facts.

**<u>DISCUSSION</u>**

Petitioner filed his § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, and therefore review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner raises twenty-four grounds for relief, which can be grouped into the following general categories with respect to subject matter: issues concerning the search and arrest warrants and underlying probable cause (Grounds One, Fourteen, Fifteen, Sixteen, Seventeen, and Eighteen); trial court error in failing to grant motion for mistrial following state's eliciting of certain testimony (Ground Two); trial court error in granting state's motion for continuance (Ground Three); all matters concerning Officer Gregory's incident report and eye witness Ricky Jacobs's testimony (Grounds Four, Five, Six, Ten, and Twenty-Three); the state vouching for a witness's credibility during closing argument (Ground Seven); all matters related to gun shot residue ("GSR") (Grounds Eight, Nine, Twelve, and Thirteen); all matters concerning the theory of accomplice liability (Grounds Eleven and Twenty); incorrect application of the South Carolina Rules of Criminal Procedure governing expert testimony (Grounds Nineteen and Twenty-Two); trial court's denial of motion for directed verdict regarding the state's failure to prove Petitioner's identity (Ground Twenty-One); and PCR counsel's failure to preserve appealable issues (Ground Twenty-Four).

As discussed below, the Magistrate Judge further organized the claims according to procedural posture and whether they are based on ineffective assistance of counsel.

## I.      Grounds for Relief One, Two, and Three

The Magistrate Judge determined that the first, second, and third grounds for relief do not implicate ineffective assistance of counsel and were properly raised in a direct appeal. Ground One asks whether the trial court erred "by not granting [Petitioner's] motion to suppress the fruits

of the execution of the search warrant because the warrant lacked probable cause." (ECF No. 1 at 5). Ground Two asks whether the trial court erred "by not granting [Petitioner's] motion for a mistrial when the solicitor improperly elicited testimony from the witness that cooperating with the police would get her killed." (*Id.* at 7). Ground Three asks whether the trial court "erred by granting the State's continuance motion." (*Id.* at 8).

With respect to Ground One, the Magistrate Judge explained that "a freestanding Fourth Amendment allegation is not cognizable on federal habeas corpus relief," and that Petitioner can proceed with the claim only "if he can show that he was denied a full and fair opportunity to pursue this issue in state court." (ECF No. 41 at 10-11). The Magistrate Judge found that Petitioner can make no such showing because he fully litigated the issue of probable cause in a motion to suppress, which the trial court decided subsequent to a hearing. The Magistrate Judge also noted that Petitioner raised the claim in his direct appeal and that the South Carolina Court of Appeals denied relief. (*Id.* at 11).

With respect to Ground Two, the Magistrate Judge reviewed the basis on which the South Carolina Court of Appeals denied relief on the claim. The Court of Appeals relied in large part on the fact that in ruling on Petitioner's objection, the trial court had instructed the jury to disregard the state's question and the witness's answer. Then, in charging the jury, the trial court had directed the jurors to disregard any testimony stricken from the record. The Court of Appeals further noted that "the inflammatory insinuations in the solicitor's questions were not referred to again during the six and one-half days of trial that followed the witness's appearance," and that Petitioner had offered "only conclusory arguments to support that he was irremediably prejudiced by the questions and resulting testimony." (ECF No. 23-13 at 4-5). The Magistrate Judge found no error in the Court of Appeals's ruling. He noted that a curative jury instruction is generally

4

deemed to have cured any alleged error and, furthermore, whether to grant a mistrial lies within the sound discretion of the trial court. (ECF No. 41 at 13). The Magistrate Judge also reviewed the evidence supporting Petitioner's guilty conviction and determined that Petitioner had not shown how the colloquy between the state and the witness had caused Petitioner prejudice. Accordingly, the Magistrate Judge found that Petitioner had not shown that the denial of this claim was unreasonable. (*Id.* at 15).

With respect to Ground Three, the Magistrate Judge reviewed the Court of Appeals's decision that the trial court's grant of the state's motion to continue was a proper use of the court's discretion. (ECF No. 41 at 16). The Court of Appeals found that the state's motion complied with Rule 7(a), SCRCrimP, and included "a showing of good and sufficient legal cause to postpone the trial, namely the existence of newly discovered information, that notwithstanding diligent efforts by law enforcement, could not be fully investigated before the scheduled trial." (ECF No. 23-13 at 5). The Magistrate Judge found no error in the Court of Appeals's ruling.

Petitioner does not object to the Report with respect to Grounds One and Three. As to Ground Two, Petitioner reasserts the arguments raised in response to the motion for summary judgment. *Compare* (ECF No. 46 at 3-5) *with* (ECF No. 39 at 19-21). The Court therefore considers this objection to be general and conclusory. The Court has thoroughly reviewed the record and the Report and finds no clear error with respect to these claims. Accordingly, the Court grants the motion for summary judgment as to Grounds One, Two, and Three.

## II. Grounds for Relief Five, Six, and Twenty-Three

The Magistrate Judge found that Grounds Five, Six, and Twenty-Three implicate the

effectiveness of legal counsel and were raised to and decided by the PCR court.[2]  Ground Five

asks whether Petitioner:

> was denied the right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution and the corresponding provisions of the South Carolina Laws and Statutes by Trial Counsel's failure to impeach the State's Eyewitness Ricky Jacobs with the Report of the Responding Officer, Weldon Gregory, and by his failure to move to admit the Police Report into evidence as a part of [Petitioner's] defense as an official report excepted from the hearsay rule under Federal Rule of Evidence 803(8)(c).

(ECF No. 41 at 5).  Ground Six asks whether Petitioner:

> was denied the right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution Laws and Statutes by Trial Counsel's failure to investigate potentially exculpatory information in the police report, and to interview and subpoena Officer Ray Weldon Gregory, to testify pursuant to his Police Report and to [sic] authentice his handwritten Police Report and verify that he is the Officer who prepared the report.

(*Id.* at 6).  Ground Twenty-Three asks whether Petitioner:

> [was denied the right to effective assistance of counsel] in failing to cross examine the State's sole eyewitness about the fact that he initially did not identify Petitioner or his codefendant by name despite knowing both of them, and described the suspects involved in the shooting as one black male with dreadlocks and one black male with a close cut haircut and a striped shirt driving a white SUV, possibly a Nissan with a black stripe down the side, descriptions that matched two other individuals stopped shortly after the shooting took place in a White Isuzu Rodeo SUV with ammunition consistent with the shell casings found at the scene of the shooting?

(*Id.* at 9).

### A.    Magistrate Judge's Findings

The Magistrate Judge observed that "the PCR court rejected these claims after a full

hearing, making relevant findings of fact and conclusions of law," and that "[f]acts related to these

---

[2] In affording Petitioner's papers the liberal construction to which they are due, the Magistrate Judge disagreed with Respondent that Ground Twenty-Three is procedurally defaulted.

issues were also raised in Petitioner's PCR appeal to the State Supreme Court"; he therefore determined that these claims were "properly exhausted" for the purpose of reviewing the motion for summary judgment. (ECF No. 41 at 17-18). He then reviewed the PCR court's findings with respect to those claims according to the requisite deferential standard, (ECF No. 41 at 27-28), and as to whether Petitioner had demonstrated (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense such that Petitioner was deprived of a fair trial, (*id.* at 28 (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

With respect to Grounds Five and Six, the Magistrate Judge noted that Officer Gregory "was the first responder on the scene following the shooting and that he prepared a short, handwritten report after the incident." (ECF No. 41 at 29). The Magistrate Judge summarized the PCR court's findings as follows:

> the PCR court found that Petitioner failed to establish any deficiency of trial counsel with respect to his allegations involving Gregory. The PCR court noted that trial counsel testified that as a general rule he does not like to call members of law enforcement as defense witnesses because to do so is more harmful than helpful to defendants based on his more than forty years of experience; and additionally, counsel testified that he was able to successfully cross-examine Jacobs without calling Gregory as a defense witness and was able to impeach Jacobs with other documents and testimony, including Gregory's report, although not all documents were admitted into the record at trial. The PCR court found that trial counsel's assessment was correct, and that Jacobs was thoroughly examined as to his recollection of events and his identification of Petitioner and his co-defendant. The PCR court found that trial counsel's performance was not deficient and that Petitioner failed to meet his burden of proof. The PCR court also found that Petitioner failed to show any resulting prejudice from this alleged deficiency. The PCR court noted that Gregory's testimony added very little to the overall presentation and likely would have had no impact on the result of the proceeding, explaining that trial counsel challenged Jacobs on virtually every aspect of his recollection. Specifically, the PCR court was not convinced that testimony from Gregory would have had any impact on the jury's view of Jacobs or his credibility, much less the result of Petitioner's trial.

(ECF No. 41 at 29-30) (internal citations to the record omitted). The Magistrate Judge observed

that "the PCR court concluded that Petitioner failed to show the requisite prejudice and/or establish either of the required prongs needed for relief," and he concluded that he could "discern no reversible error in the PCR Court's findings and conclusion." (*Id.* at 30).

The Magistrate Judge further considered Officer Gregory's testimony during the PCR hearing and Mr. Jacobs's testimony during the trial. During the PCR hearing, Officer Gregory testified that Mr. Jacobs told him that after he denied the suspects entry to the club, one commented, "I've got something for you"; and, as relayed by Mr. Jacobs, a few minutes later, one of the suspects began shooting towards the club, firing from a white SUV. (ECF No. 41 at 30). The Magistrate Judge observed that Mr. Jacobs "testified at trial about the fact that Petitioner and his co-defendant were denied entry to the club because it was closing"; and he testified "about seeing a shot fired by someone in a white Isuzu Rodeo, which was after the initial shots were fired." (*Id.* at 31) (internal citations to the record omitted). Nonetheless, the Magistrate Judge explained, "the record shows that trial counsel thoroughly challenged Jacobs on his recollection of the events at issue," and, "[t]herefore, Petitioner has failed to show that trial counsel's performance was deficient for failing to further impeach Jacobs with Gregory's report and for failing to move that report into evidence." *Id.*

The Magistrate Judge reached the same conclusion with respect to Petitioner's contention regarding trial counsel's failure to investigate potentially exculpatory evidence in Officer Gregory's report or interview or subpoena Officer Gregory to authenticate his report and testify. (ECF No. 41 at 31). The Magistrate Judge found that "even assuming that counsel had further investigated this issue and taken the additional steps outlined by the Petitioner, Petitioner has not shown the likelihood of a different outcome, and as a result he has failed to show any prejudice due to counsel's failure to investigate these matters." *Id.*

With respect to Ground Twenty-Three, the Magistrate Judge summarized the PCR court's findings as follows:

> [t]he PCR court discussed that trial counsel testified that he was able to successfully cross-examine Jacobs without calling Gregory as a defense witness and was able to impeach Jacobs with other documents and testimony, including Gregory's report, although not all documents were admitted into the record at trial. The PCR court also found that trial counsel challenged Jacobs on virtually every aspect of his recollection. The PCR court found that trial counsel's assessment was correct that Jacobs was thoroughly examined as to his recollection of events and his identification of Petitioner and his codefendant; that trial counsel's performance was not deficient, and that Petitioner had failed to meet his burden of proof.

(ECF No. 41 at 32) (internal citations to the record omitted). The Magistrate Judge found no error in the PCR court's conclusion that Petitioner had failed to show deficiency or resulting prejudice.

## B. Objections

Petitioner objects to the Magistrate Judge's findings. (ECF No. 46 at 18-31). Petitioner asserts in relevant part that:

> trial counsel's failure to put the Report into evidence prejudiced Petitioner because it would have been used to impeach and refute the State's star witness testimony and used as proof to the jury that Ricky Jacobs committed perjury when he testified "repeatedly" on direct and cross examination that he never gave any information to "anyone" else at the scene prior to Inv. Dan McRae's arrival and that the first and only time he explained what he observed was to Inv. Dan McRae. This Police Report would have been able to impeach Mr. Jacobs to the extent that he could not have said anything of any significance without being trapped by his inconsistencies. There is a reasonable probability that this evidence would have produced a different outcome.

> . . . .

> Because of trial counsel's unprofessional errors, the jury never knew that this police report even exists.

> . . . .

> If it had not been for trial counsel's unprofessional errors, there is a reasonable probability that the results of the trial would have been different because Officer Weldon Gregory's testimony and Police Report would have revealed to the jury

9

that Rick Jacobs's initial statements to the Police implicated the white SUV vehicle and suspects, rather than me and Mr. Watts and my vehicle; therefore establishing to the jury that Mr. Jacobs changed the direction of the shots from this white vehicle from "initially" being "fired over the top of the vehicle towards the club," to "one time, straight up in the air."

. . . .

Officer Gregory's missing testimony would have presented a theory of the case that would have exonerated my vehicle and directly contradicted the prosecution's evidence. The Jury might well have viewed the otherwise impeachable testimony of the state's key witness in a different light.

(ECF No. 46 at 20, 23, 24, 25). And, with respect to Ground Twenty-Three, Petitioner asserts in relevant part:

During the Evidentiary Hearing Trial Counsel admitted that he did not question Jacobs about what he initially told Officer Weldon Gregory. (App. P. 2292, p. 2293). When asked if he questioned Jacobs about the statement he provided to Officer Gregory, Trial Counsel testified, "No, I did not. As I said, I think it came out in other ways, with the exception of the thing about firing into the club. I just did not. In the scheme of things, I thought that was a minor point." (App. P. 2293).

(ECF No. 46 at 29).

The Court commends Petitioner for presenting his position in so thorough and articulate a manner. And the Court would emphasize the Magistrate Judge's comment that "[i]n hindsight, there are a few, if any, cross-examinations that could not be improved upon." *Willis v. United States*, 87 F.3d 1004, 1006 (8th Cir. 1996). However, the Court agrees with the findings of the Magistrate Judge and the PCR court before him. The record reflects that trial counsel engaged in a comprehensive examination of Mr. Jacobs during which counsel highlighted the very inconsistencies that Petitioner references in his objections. The record further confirms trial counsel's testimony that although he did not put up Officer Gregory as a witness or introduce Officer Gregory's report, he (along with counsel for Petitioner's co-defendant) elicited the testimony necessary to inform the jury about the Isuzu Rodeo, the suspects therein, and the shot

that was fired from that vehicle. (ECF No. 23-2 at 170-171, 179-182, 253-259, 261-313; ECF No. 23-5 at 187, 267-281). Accordingly, the Court finds that Petitioner has failed to show either that trial counsel's performance was deficient or that the deficiency resulted in prejudice to the defense. The Court therefore grants the motion for summary judgment as to Grounds Five, Six, and Twenty-Three.

## III.   Procedurally Defaulted Claims

The Magistrate Judge found that Grounds for Relief Four and Seven through Twenty-Two were procedurally defaulted and, with two exceptions, implicate ineffective assistance of counsel. The Magistrate Judge noted that in his response to the motion for summary judgment, Petitioner did not appear to contest that these claims were procedurally defaulted; rather, he argued that his PCR counsel was ineffective for failing to raise them in his initial PCR court proceeding, for declining to amend the PCR petition to address all issues, and for failing to assert the appropriate issues in a Rule 59 motion. Petitioner further argued that his PCR appellate counsel was ineffective in that she raised only one issue in the PCR appeal. (ECF No. 39 at 3-10).

The Magistrate Judge agreed with Respondent that Grounds Ten through Eighteen and Grounds Twenty through Twenty-Two were not properly pursued in the initial PCR proceedings; and Grounds Four, Seven, Eight, Nine, and Nineteen, while initially pursued in the PCR proceedings, were not raised in the PCR appeal. *See* (ECF No. 41 at 34-63). Therefore, the Magistrate Judge found, the claims are barred from further state collateral review, (*id.* at 35 (citing in part *Wicker v. State*, 425 S.E.2d 25 (S.C. 1992)), and federal habeas review of these claims is precluded absent a showing of cause and prejudice, or of actual innocence, (*id.* at 36 (citing in part *State v. Powers*, 501 S.E.2d 116, 118 (S.C. 1998)).

Petitioner objects to the Magistrate Judge's finding regarding default and asserts the

following:

> [Petitioner] did properly pursue in state court grounds Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, and Nineteen. These claims were raised by Petitioner at his PCR hearing. The PCR judge did not address any of Petitioner's claims regarding Grounds ten, eleven, twelve, thirteen, fourteen, fifteen, in its order. Petitioner submits that his right and opportunity to preserve these claims for further collateral review were prevented by PCR counsel's refusal and failure to file a proper 59(e) motion to alter or amend judgment, after these claims were not specifically ruled upon in the final order of dismissal, and any procedural bar or default should be excused because the Petitioner was impeded in complaining with the State's established procedures . . . .
>
> . . . .
>
> Petitioner expresses that his efforts to comply with the State's procedural rule and Federal procedural rule were impeded by PCR Counsel's actions and ineffective representation . . . .

(ECF No. 46 at 31, 34). Petitioner essentially restates his position as articulated in his response to the motion for summary judgment, and the Court interprets the objection as general and conclusory. The fact remains that these claims were not properly pursued and exhausted in the PCR proceedings and Petitioner blames his counsel for the resulting procedural bar. The Court finds no error in the Magistrate Judge's analysis and turns to consider the specific bases for the Magistrate Judge's finding that Petitioner cannot cure the default.

### A.     Grounds for Relief Seven, Eight, Nine, Nineteen, Twenty, and Twenty-One

The Magistrate Judge found that these claims are not cognizable for habeas review either because they are based on ineffective assistance of PCR appellate counsel or failure of PCR counsel (or PCR appellate counsel) to raise an underlying claim of ineffective assistance of direct appeal counsel. The Magistrate Judge explained that ineffective assistance of PCR appellate counsel is not a cause for default. (ECF No. 41 at 40 (citing *Martinez v. Ryan*, 566 U.S. 1, 9-10 (2012)). He further explained that Petitioner cannot show the necessary "cause" to cure default by

claiming ineffective assistance of direct appeal counsel. *See Davila v. Davis*, 137 S. Ct. 2058 (2017). Accordingly, the Magistrate Judge found these claims should be dismissed. (ECF No. 41 at 40-42).

Petitioner does not object to the Magistrate Judge's application of *Martinez* and *Davila*. The Court agrees that the *Martinez* exception applies only to initial PCR counsel. *See Martinez*, 566 U.S. at 10-11 (explaining that the concerns attendant to permitting review of attorney error in initial-review collateral proceedings are not present for other stages of a federal habeas proceeding: "While counsel's errors [in other kinds of postconviction] proceedings preclude any further review of the prisoner's claim, the claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding"). The Court further agrees that the *Martinez* exception does not extend to allow a federal court to hear a substantial but procedurally defaulted claim of ineffectiveness of appellate counsel when a prisoner's state PCR counsel provides ineffective assistance by failing to raise it. *Davila*, 137 S. Ct. at 2065-66. Accordingly, the motion for summary judgment is granted as to Grounds Seven, Eight, Nine, Nineteen, Twenty, and Twenty-One.

### B. Grounds for Relief Eleven through Eighteen, and Twenty-Two

With respect to Grounds Eleven through Eighteen, and Twenty-Two, these claims implicate PCR counsel's failure to properly raise and preserve certain issues. As the Magistrate Judge explained, "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9. For our purposes, Petitioner may establish cause for a default of an ineffective-assistance of counsel claim by demonstrating that his PCR counsel was ineffective under the standards of *Strickland v. Washington*. *See Martinez*, 566 U.S. at 14. Additionally,

13

Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* The Magistrate Judge examined the Parties' arguments and the underlying record and determined that Petitioner failed to demonstrate that these claims have merit, as follows.

*Ground Eleven*: Petitioner was denied the right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment[s] to the United States Constitution and the corresponding provisions of the South Carolina Constitution, Laws and Statutes by Trial Counsel's failure to object to; and challenge the alternate theory of "the hand of one is the hand of all" under accomplice liability, being charged to the Jury as an alternate basis for conviction in this First Degree Murder Case.

(ECF No. 1-1 at 2).

The Magistrate Judge set forth South Carolina law regarding the theory of accomplice liability and found that there was no error in trial counsel's failure to object to the jury charge. (ECF No. 41 at 45-46). The Magistrate Judge relied on the fact that "[t]he evidence presented at trial was that both Petitioner and his codefendant were in the tan Suburban and shots were fired from that vehicle," and trial counsel's testimony during the PCR hearing that "there was evidence to support the accomplice liability charge that was given at trial." (*Id.* at 46).

Petitioner objects to the Magistrate Judge's finding and essentially reasserts the arguments advanced in his response to the motion for summary judgment. *Compare* (ECF No. 46 at 45-48) *with* (ECF No. 39 at 64-66). The court finds no clear error in the Report as to this claim and accordingly grants the motion for summary judgment as to Ground Eleven.

*Ground Twelve*: Petitioner was denied the right to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution Laws and Statutes by Both Trial Counsel's failure to object to the Prosecutor's and the assistant solicitor's improper comments, remarks, and argument that [Petitioner's] tan Suburban was positive for Gunshot Residue which so infected the [Petitioner's] trial with unfairness that it

14

made the resulting conviction a denial of Due Process, due to Prosecutorial Misconduct.

(ECF No. 1-1 at 2).

The Magistrate Judge reviewed the trial record and found that the testimony the assistant solicitor referenced in his closing argument was consistent with the testimony of the state's expert, Agent Moskal, regarding the particles of lead found in Petitioner's vehicle. (ECF No. 41 at 48 (citing ECF No. 23-3 at 457-460, 465; ECF No. 23-4 at 5-11)). The Magistrate Judge further found that the solicitor's statements made in response to the motion for directed verdict were consistent with the evidence presented at trial. *Id. See also* (ECF No. 23-4 at 368-369). The Magistrate Judge thus concluded that as there was no basis for trial counsel to object, his failure to do so did not constitute a deficiency.

Petitioner objects to the Magistrate Judge's finding and again reasserts the arguments advanced in his response to the motion for summary judgment. *Compare* (ECF No. 46 at 48-51) *with* (ECF No. 39 at 69-72). The court finds no clear error in the Report as to this claim and accordingly grants the motion for summary judgment as to Ground Twelve.

*Ground Thirteen*:    Petitioner was denied the right to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution, Laws and Statutes by Both Trial Counsel's failure to object to misleading and prejudicial statements during the State's GSR (Gunshot Residue) expert witness testimony while giving his opinion and conclusion, from the actual Forensic Evidence results.

(ECF No. 1-1 at 2).

The Magistrate Judge reviewed the trial record and determined that prior to Agent Moskal taking the stand, defense counsel in fact objected to his testimony on the basis that the testimony would not be consistent with SLED protocol and that the prejudicial effect of the Agent's findings

would outweigh their probative value.  (ECF No. 41 at 49 (citing ECF No. 23-3 at 447-460)).  The Magistrate Judge noted that defense counsel renewed his objection when the state offered into evidence the results of the ballistics testing.  (*Id.* (citing ECF No. 23-3 at 470)).  The Magistrate Judge found that Petitioner had not shown that his counsel was deficient for failing to object to Agent Moskal's testimony and the associated evidence regarding the GSR testing and, in light of the objections raised by defense counsel, Petitioner had failed to show any prejudice caused by his counsel not raising further objections.  *Id.*

Petitioner objects and reasserts his contentions raised in response to the motion for summary judgment.  *Compare* (ECF No. 46 at 51-54) *with* (ECF No. 39 at 76-79).  Petitioner cites to additional parts of the record to support his position, but the objection is still without merit.  As the Magistrate Judge found, the record shows that trial counsel objected to the very testimony and evidence that is the subject of this claim.  Given the nature of the objections, the Court agrees that Petitioner cannot show that he was prejudiced by counsel failing to object further.  The motion for summary judgment is granted as to this claim.

*Ground Fourteen*:      Petitioner was denied the right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution, Laws and Statutes by Trial Counsel's failure to request a hearing, pursuant to Frank's Hearing, by making a substantial preliminary showing that false statements knowingly and intentionally, or with reckless disregard for the truth was included by the Affiant (Investigator Don McRae) in the Affidavits In Support of the Search Warrants.

(ECF No. 1-1 at 2).

The Magistrate Judge explained that according to binding precedent, the search warrants for Petitioner's home and vehicle were presumptively valid and that presumption could be rebutted only by showing that: (1) the affiant gave statements that were made knowingly and intentionally

16

or with reckless disregard for the truth; and (2) the false statements were necessary to establish probable cause. (ECF No. 41 at 50 (citing *Simmons v. Poe*, 47 F.3d 1370, 1383 (4th Cir. 1995)) (further citations omitted). Petitioner argued that trial counsel should have challenged the affidavit's reference to "witnesses," because, he contends, only one witness identified his vehicle. The Magistrate Judge reviewed the affidavit, which was attested to by Officer McRae, and noted that trial counsel did in fact object to the affidavit on the basis that it contained conclusory statements and failed to establish probable cause. (*Id.* at 51 (citing ECF No. 23-22 at 3; ECF No. 23-1 at 303-304)). The Magistrate Judge further noted that during the PCR hearing, defense counsel testified to the fact that he had cross examined Officer McRae regarding the affidavit and argued that there was a lack of probable cause and no information to establish the reliability of the witnesses referred to in the affidavit. (*Id.* at 52 (citing ECF No. 23-5 at 288-290)). The Magistrate Judge determined that although Petitioner appears to now disagree with the strategy his counsel pursued with respect to the affidavit, he had not shown that defense counsel was deficient in objecting to the affidavit for failing to show probable cause. The Magistrate Judge further determined that Petitioner failed to show any prejudice he suffered as a result of his counsel's failure to ask for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978); or, considering a litany of other evidence admitted to the jury, how the outcome of his trial would have changed had the court suppressed the evidence obtained from the search. (*Id.* at 52-54).

Petitioner relies on the arguments asserted in his response to the motion for summary judgment to object to the Magistrate Judge's findings. *Compare* (ECF No. 46 at 54-59) *with* (ECF No. 39 at 80-84). He also asserts that his attorney's failure to request a *Franks* hearing prejudiced him in that without the products of the search, the jury would not have heard the state's evidence regarding GSR. However, as the Magistrate Judge noted, there was other evidence that supported

17

the guilty verdict, such as Mr. Jacobs's testimony, the location of Petitioner's vehicle, and the type

of projectile and shell casing recovered from the victim and the scene of the shooting. The Court

finds that Petitioner cannot show that he was prejudiced by counsel failing to request a *Franks*

hearing. Accordingly, the Court grants the motion for summary judgment as to this claim.

*Ground Fifteen*: Petitioner was denied the right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution, Laws and Statutes by Trial Counsel's failure to request a Franks hearing to make a substantial preliminary showing that the Police deliberately omitted material facts with intent to make, or in reckless disregard of whether they thereby made the arrest warrant affidavit misleading and if omitted information would have been included in affidavit, the information would render Affidavit for arrest warrant insufficient to support finding of probable cause. (See Exhibit Q, App. p. 2620-2621).

(ECF No. 1-1 at 3).

The Magistrate Judge explained that, as with the search warrant, the arrest warrant was

presumptively valid, and the presumption could be rebutted only by showing that: (1) the affiant

gave statements that were made knowingly and intentionally or with reckless disregard for the

truth; and (2) the false statements were necessary to establish probable cause. (ECF No. 41 at 55

(citing *Simmons*, 47 F.3d at 1383)) (further citations omitted). Petitioner argued that the arrest

warrant omits information regarding the suspects in the Isuzu Rodeo and the fact that shell casings

and projectiles found in the Isuzu Rodeo were consistent with the shell casings and projectiles

recovered from the crime scene and from the victim. The Magistrate Judge found that Petitioner

had not made "a substantial preliminary showing that the statements made by the agent in his

affidavit were false, or that the agent recklessly or deliberately passed on false information to the

county magistrate." (*Id.* at 56). Rather, the Magistrate Judge noted, "the facts contained in the

arrest warrant were borne out by the statements given by Jacobs to law enforcement, and were

supported by the testimony of both Jacobs and McRae at Petitioner's trial." *Id.* The Magistrate Judge further noted that Petitioner had not demonstrated that the omitted information was "necessary to the finding of probable cause for Petitioner's arrest." *Id.* The Magistrate Judge thus concluded that Petitioner had not shown that defense counsel was deficient for failing to ask for a *Franks* hearing with regard to the arrest warrant, and furthermore had not shown that such failure caused him prejudice. The Magistrate Judge additionally noted that "[a]n illegal arrest, without more, has never been viewed as a bar to a subsequent prosecution, nor as a defense to a valid conviction." (*Id.* at 57 (quoting *United States v. Crews*, 445 U.S. 463, 474 (1980)).

Petitioner objects to the Magistrate Judge's findings but does so by reasserting, almost verbatim, the arguments raised in the response to the motion for summary judgment. *Compare* (ECF No. 46 at 59-61) *with* (ECF No. 39 at 84-87). Accordingly, the Court finds that the objection is general and conclusory. The Court perceives no clear error in the Magistrate Judge's analysis and therefore overrules the objections. The motion for summary judgment is granted as to this claim.

*Ground Sixteen*:    Petitioner was denied the right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment(s) to the United States Constitution and the corresponding provisions of the South Carolina Constitution, Laws and Statutes by Trial Counsel's failure to object to the State using the fruits of the search to bolster their argument for finding of probable cause and to show preexisting probable cause.

(ECF No. 1-1 at 3).

The Magistrate Judge interpreted this claim as Petitioner contending that "trial counsel should have objected to the State advising the trial court of the fruits of the search warrant during the suppression motion"; specifically, he interpreted the claim as an objection "to the State's reference to the fact that law enforcement was seeking forensic evidence inside of Petitioner's

19

vehicle with the search warrant and found evidence inside of the vehicle." (ECF No. 41 at 58).
The Magistrate Judge found as follows:

> Petitioner has not shown that it was improper for the State to mention the results of
> the search to the court, and based on a review of the arguments by both counsel and
> the Court's ruling on the suppression motion, there is also no indication that the
> reference to the results had any bearing on the trial court's finding of probable
> cause. Rather, the trial court specifically detailed the basis of its finding of probable
> cause, which did not include the results of the search.

(*Id.* (citing ECF No. 23-1 at 355-356)). Therefore, the Magistrate Judge found that Petitioner had
failed to demonstrate that trial counsel acted deficiently in failing to object, and, furthermore, had
failed to demonstrate any prejudice that resulted from counsel's failure to object.

Petitioner objects generally that "trial counsel was deficient for failing to object to the state
using the fruits of the search to bolster their argument for finding of probable cause." (ECF No.
46 at 62). *Cf.* (ECF No. 39 at 87-89). The Court finds no merit in the objection, but rather agrees
with the Magistrate Judge's review of the trial transcript. In rendering a decision on the motion to
suppress, the trial court did not rely on evidence collected upon execution of the search warrant.
*See* (ECF No. 23-1 at 355-356). Accordingly, there is no basis on which to find that the trial court
considered the state's reference to the fruits of the search in reaching its decision. Petitioner has
not shown any prejudice that resulted from trial counsel's failure to object to the state's arguments
during the hearing on the motion to suppress. The Court grants the motion for summary judgment
as to this claim.

*Ground Seventeen*: Petitioner was denied the right to effective assistance of counsel, as
guaranteed by the Sixth and Fourteenth Amendment(s) to the United States
Constitution and the corresponding provisions of the South Carolina
Constitution, Laws and Statutes by Trial Counsel's failure to request a
Franks hearing to make a substantial preliminary showing that the Affiant
deliberately omitted facts with intent to make, or in reckless disregard of
whether they thereby made, the Affidavit to Search Warrant and Arrest
Warrant misleading and if omitted information would have been included

in Affidavit, the information would render Affidavit insufficient to support finding of probable cause.

(ECF No. 1-1 at 3).

The Magistrate Judge noted that with this claim, Petitioner argued that trial counsel should have requested a *Franks* hearing with respect to the search warrant on the basis that the affiant omitted facts with the intent to mislead the magistrate.  (ECF No. 41 at 59).  The Magistrate Judge found that Petitioner failed to show, however, that "the affiant knowingly or with reckless disregard made a false statement in the affidavit."  The Magistrate Judge noted that, to the contrary, "[t]he record shows that the facts contained in the search warrant were supported by the statements given to law enforcement by Jacobs, and were also supported by the testimony of Jacobs and McRae at trial."  *Id.*  The Magistrate Judge determined that because Petitioner "has not met his burden to show that the agent's affirmations were false . . . he has failed to show that his counsel performed deficiently by not challenging the warrant under [*Franks*]."  (*Id.* at 60).  The Magistrate Judge further noted that Petitioner "has presented no evidence in this proceeding to show that he would have succeeded in his challenge to the search warrant even if his counsel had requested a *Franks v. Delaware* hearing."  Accordingly, the Magistrate Judge found, Petitioner failed to show a substantial issue with respect to this claim.

Petitioner does not object to this finding.  *See* (ECF No. 46 at 62).  The Court finds no clear error in the Magistrate Judge's analysis and, accordingly, grants the motion for summary judgment as to this claim.

*Ground Eighteen*:    Petitioner was denied the right to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendment(s) to the United States Constitution by Trial Counsel's failure to object to the Trial Court's ruling that the search warrant was supported by probable cause and therefore valid, but not by limiting itself to an examination of the Affidavit before the Magistrate.

(ECF No. 1-1 at 40).

The Magistrate Judge next considered the contention that trial counsel was ineffective for failing to object to the trial court's ruling that the search warrant was supported by probable cause. The Magistrate Judge found there was no basis in the contention because the record reflects that trial counsel did in fact argue the search warrant was not supported by probable cause. (ECF No. 41 at 60). Trial counsel therefore preserved the issue for appeal. Petitioner's appellate counsel raised the issue in the direct appeal, and the South Carolina Court of Appeals considered and denied the claim on the merits. Therefore, the Magistrate Judge found, Petitioner had not shown that his trial counsel was ineffective in failing to object to the trial court's ruling.

Petitioner objects that "trial counsel was ineffective for failing to object to the trial court's ruling that the search warrant was supported by probable cause and therefore valid, but not by limiting itself to an examination of the affidavit before the magistrate." (ECF No. 46 at 62). Petitioner's objection restates the arguments asserted in his response to the motion for summary judgment. *See* (ECF No. 39 at 91-93). Accordingly, the Court reviews the Report for clear error. Upon review of the record, the Court agrees with the Magistrate Judge. Even if the trial court had improperly relied on information that was not before the magistrate, there is no basis for finding that trial counsel was deficient in addressing the error. As the Magistrate Judge observed, trial counsel objected and preserved the matter for appeal. Petitioner has shown no deficiency in trial counsel's assistance with respect to the trial court's ruling and the Court therefore grants the motion for summary judgment as to this claim.

*Ground Twenty-Two*: Petitioner was denied the right to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution, Laws and Statutes by Both Trial Counsels' failure to object to

the Trial Court, improperly allowing the admission of the scientific evidence without considering several factors for the admission of scientific evidence, under Rule 702 and determining that or if this evidence is relevant, reliable, and helpful to the Jury and then balancing and making a determination whether or not the probative value of the evidence is outweighed by its prejudicial effect, under Rule 403, SCRE (South Carolina Rules of Evidence)

(ECF No. 1-1 at 47).

The Magistrate Judge found as follows:

With regard to Petitioner's complaint that defense counsel did not challenge the GSR evidence under Rule 702, the record reflects that during the motion to suppress Moskal's testimony, counsel initially presented arguments that the testimony should not be admitted under Rule 702 (as well as under Rule 403). (R.pp. 1443-1444). However, counsel later noted that he did not intend to argue gunshot residue was unreliable under Rule 702 (R.p.p. 1447), and proceeded to instead make the argument against its admissibility under Rule 403, presenting a strong argument regarding its unduly prejudicial effect. (R.pp. 1443-1456). Counsel's position with respect to Rule 702 was clearly reasonable in light of the fact that gunshot residue evidence has consistently been found to be admissible in South Carolina Courts. To the extent Petitioner asserts that trial counsel was ineffective for not contending that the GSR evidence should not be allowed under Rule 403 because the probative value of the evidence did not outweigh the prejudicial effect of its admission, defense counsel did argue at trial that the GSR evidence should not be admitted for that reason. (R.pp. 1449, 1451-1453, 1456). However, after full argument on this issue, the trial court denied Petitioner's counsel's motion and admitted this evidence. (R.p. 1457). The Respondent also correctly notes that the PCR court found the GSR evidence was admissible under Rule 403, SCRE. (R.pp. 2431-2433).

(ECF No. 41 at 62 (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions.")).

The Magistrate Judge determined that Petitioner simply disagrees with trial counsel's strategy regarding the GSR evidence and that disagreement regarding trial strategy alone does not constitute a deficiency with respect to counsel's representation. The Magistrate Judge further determined that the record reflects "no reversible error in the state courts' consideration of this issue." (ECF No. 41 at 62). The Magistrate Judge concluded that Petitioner had not met his burden

23

of showing that "if his counsel had objected to the GSR evidence on the basis of Rule 702 in a different manner, it would have resulted in a different outcome in his case." (*Id.* at 63).

Petitioner reasserts the arguments he presented in the response to the motion for summary judgment, *see* (ECF No. 39 at 100-102), but also objects as follows:

> Petitioner submits that yes, gunshot residue evidence has been found to be admissible in South Carolina courts, but it's only in cases where there has been a "full result." Meaning, where there was actually "Gunshot residue" found. Where someone's hand, someone's clothes, or someone's vehicle tested "positive for gunshot residue"; meaning elevated levels of the required elements that make up Gunshot Residue, which are (Lead, Barium, Antimony) found together at the same time.

(ECF No. 46 at 63). The Court finds that this objection does not provide a basis for disagreeing with the Magistrate Judge's reasoning. As noted above with respect to Ground Thirteen, trial counsel did in fact object to the state's proffer of Agent Moskal's testimony as not consistent with SLED protocol, and again objected when the state offered the results of the testing into evidence. The Court overrules the objection and grants the motion for summary judgment as to this claim.

### C.  Grounds for Relief Four and Ten

The Magistrate Judge determined that Grounds Four and Ten were also procedurally defaulted at the PCR court or in the PCR appeal but that the underlying claims do not implicate ineffective assistance of counsel. Petitioner contends in Ground Four that he "was denied the right to a fair trial by the State's submitting discovery evidence without the authoring officer's name on it in violation of [*Brady v. Maryland*, 373 U.S. 83 (1963)]." (ECF No. 1-1 at 1). This concerns Officer Gregory's incident report, discussed above. The Magistrate Judge found that Ground Four "was a direct appeal issue," and noted that Petitioner's "alleged 'cause' for not properly raising Ground[] Four . . . in his PCR appeal is based on alleged ineffective assistance of PCR appellate counsel." (ECF No. 41 at 40 & n.18, 41). As discussed above, ineffective assistance of PCR

24

appellate counsel is not a cause for default.  *Martinez*, 132 S. Ct. at 1316.  Accordingly, the Magistrate Judge found, this claim should be dismissed.  *See* (ECF No. 41 at 40 n.18).

In Ground Ten, Petitioner contends he was denied the right to a fair trial due to prosecutorial misconduct; that is, the state knowingly presented false or perjured material testimony from Mr. Jacobs and/or failed to correct Mr. Jacobs's false or perjured material testimony.  (ECF No. 1-1 at 2).  The Magistrate Judge found that Ground Ten presents "a direct appeal issue that was not properly preserved at trial for appellate review," and explained that under South Carolina law, "an application for post-conviction relief is not a substitute for an appeal." (ECF No. 41 at 42 (quoting *Simmons v. State*, 215 S.E.2d 883, 885 (S.C. 1975)).  The Magistrate Judge further found that because Ground Ten "is not an underlying ineffective assistance of counsel claim, it does not even fall under the *Martinez* exception."  (*Id.* at 43).  Additionally, the Magistrate Judge reviewed the record with respect to Mr. Jacobs's testimony at trial and determined that, even if Petitioner could have raised this issue in his application for post-conviction relief, "Petitioner has not shown Jacobs offered perjured or false testimony."  (*Id.* at 43-45).

Petitioner objects that Grounds Four and Ten "are not direct appeal issues," and that "they are both Post Conviction Relief issues," which he raised at his PCR hearing.  (ECF No. 46 at 31). Petitioner's response to the motion for summary judgment concedes that he did not raise Ground Four in his direct appeal and that Ground Ten either was not raised to the PCR court, or the PCR court did not rule on it.  *See* (ECF No. 39 at 10-11).  The Court agrees with Respondent that because Petitioner did not properly present the claim "to the South Carolina appellate courts in a procedurally viable manner when he had the opportunity, and the state courts would find any attempt to raise [it] now to be procedurally improper, the[] claim [is] procedurally barred from review in federal habeas corpus."  (ECF No. 23 at 23 (citing *Coleman v. Thompson*, 501 U.S. 722,

(1991) (holding that issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996) (issues not presented to the state's highest court may be treated as exhausted if it is clear that the claims would be procedurally defaulted under state law if the petitioner attempted to raise them now)). Additionally, because Ground Ten was not ruled on by the PCR Court, it was unavailable for further collateral review. *See, e.g., Pruitt v. State*, 423 S.E.2d 127, 128 n.2 (S.C. 1992) (noting issue must be raised to and ruled on by the PCR judge in order to be preserved for review).

To the extent Petitioner argues that failure to properly pursue these claims should be excused because he "was impeded in complying with the State's established rules," (ECF No. 46 at 31), the Court finds no merit to the objection because Petitioner has not shown a reasonable likelihood that the issues raised in these claims would have impacted the outcome of his trial. Petitioner has not shown any prejudice that resulted from the omission of Officer Gregory's name from the bottom of the incident report. Nor has Petitioner shown prejudice resulting from Mr. Jacobs's testimony. As discussed with respect to Grounds Five, Six, and Twenty-Three, concerning Officer Gregory's incident report and Ricky Jacobs's testimony, the record confirms trial counsel's testimony that he elicited the testimony necessary to inform the jury about the Isuzu Rodeo, the suspects therein, and the shot that was fired from that vehicle, which is the very evidence that Officer Gregory would have testified to and that would have been presented had the incident report been offered into evidence. The record also reflects that trial counsel engaged in a comprehensive examination of Mr. Jacobs that highlighted the numerous inconsistencies that Petitioner complains of in his briefs. Finally, the Court agrees that Petitioner has not shown that the PCR court unreasonably applied federal law in denying the claim asserted in Ground Four. For

these reasons, the Court overrules Petitioner's objections and grants the motion for summary judgment as to these claims.

### D. Actual Innocence

Finally, to the extent Petitioner asserts actual innocence as an excuse for the procedural default of the above claims, the Magistrate Judge explained that "cognizable claims of 'actual innocence' are extremely rare and must be based on 'factual innocence not mere legal insufficiency.'" (ECF No. 41 at 64 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). To present a claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Magistrate Judge found that Petitioner has not presented any new, reliable evidence. (ECF No. 41 at 64). The Magistrate Judge further found that Petitioner has not shown that a fundamental miscarriage of justice will result if the court does not consider the defaulted claims. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) ("in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). Therefore, the Magistrate Judge confirmed that the aforementioned claims are procedurally barred. Petitioner does not object to these findings and, following a thorough review of the record and the Report, the Court finds no clear error. Accordingly, the Court determines that these claims are procedurally barred.

## IV. Ground Twenty-Four

With this claim, Petitioner contends that his PCR counsel was ineffective for not raising certain issues and for failing to file a proper Rule 59(e) motion. (ECF No. 1-1 at 52). Specifically,

Petitioner argues that PCR counsel failed to amend the PCR application to raise all possible claims for relief, prevented Petitioner from testifying to all possible claims for relief at the PCR hearing, and failed to file a Rule 59(e) motion to address the claims raised to the PCR court but on which the PCR court did not rule. *Id.* The Magistrate Judge found that these contentions concern "alleged infirmities in Petitioner's state PCR proceeding, and as such are not a basis for federal habeas relief." (ECF No. 41 at 65). *See Bryant v. State of Md.*, 848 F.2d 492, 494 (4th Cir. 1988). To the extent Petitioner objects to this finding, *see* (ECF No. 46 at 65-66), the Court finds the objection to be general and conclusory. The Court finds no clear error in the Magistrate Judge's analysis and therefore grants the motion for summary judgment as to this claim.

Finally, to the extent Petitioner raises general and conclusory objections to which the Court has not specifically responded, the Court has carefully reviewed the record and the Report and finds no clear error in the Magistrate Judge's findings. For the reasons set forth herein, the Court agrees with the analysis and recommendation of the Magistrate Judge. Accordingly, Petitioner's objections are overruled and the Report is adopted.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d

676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections, and adopts and incorporates the Magistrate Judge's Report (ECF No. 41). Accordingly, the motion for summary judgment (ECF No. 24) is GRANTED. The habeas petition (ECF No. 1) is DENIED and DISMISSED *with prejudice*.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

September 4, 2019
Charleston, South Carolina

*****

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.